On the Merits.
In 1853, during the existence of community between Beynet and his wife, since deceased, he acquired a property in the Third District. In 1874 this property was sold by the sheriff for taxes. It was afterward redeemed by Beynet; and on the same day he mortgaged his undivided half of it to Maumus to secure a note for $400, at one year, of same date, fifteenth October, 1874; being for a loan. In the act of mortgage it is stated that there was a general mortgage on the property in favor of the minor daughter of Beynet, for whom he was tutor, dating from twenty-fifth September, 1869.
On the twelfth of July, 1876, the property was acquired by the State for taxes of 1874, under the provisions of act 47, of 1873, section 9, page *464 101; and on the twenty-ninth of July the State tax collector sold it to Mrs. Otto, in the name and behalf of the State, under act No. 105 of 1874, subject to the right of the owner or any mortgage or judgment creditor to redeem, for the sum of $192 11 taxes due the State for 1874 and 1875, and costs and charges. The property went into the hands of Mrs. Otto free from mortgages imposed by Beynet.
On the twenty-third September, 1876, Mrs. Otto sold to Mandin, subject to the same right of redemption, as distinctly declared in the title, for $348 44. About ten months after the sale by the tax collector to Mrs. Otto, four months after the expiration of the term for redemption, on the twenty-sixth May, 1877, the Auditor of Public Accounts made a deed in the name of the State to Mandin confirming the title j and on the sixteenth November, 1877, Mandin sold and conveyed the property to Dufour for the stated price of $3100. All these titles were by public notarial acts ; and they were recorded on the days of their respective dates.
In February, 1878, Maumus brought this suit, against Beynet, Man-din, and Dufour, to recover of Beynet the amount of the note of 15th October, 1874, and interest: to have the sales to and titles of Mandin and Dufour declared to be simulated, fraudulent, collusive, illegal and void ; and to have Beynet recognized as the true and lawful owner of the property.
The petition charges, among other things, that Beynet, in order to defraud Maumus and to destroy his right of mortgage, permitted the property to be sold for taxes on the twelfth of July, 1876; that the sale by Mrs. Otto, and the Auditor’s deed to Mandin are illegal, simulated, collusive, and fraudulent: that no consideration was paid by Mandin, whose name was merely borrowed : that the property in law and in fact is that of Beynet, who furnished the money to Mandin, his son-in-law, to buy it; and that the title was made in the name of Man-din, in order to deprive petitioner of his right of mortgage.
That the sale to Dufour is null and of no existence in law or in fact: that the same is fraudulent, collusive and simulated : that no consideration was actually paid; and that the name of Dufour was borrowed for the purpose “ of still more deceiving petitioner and thus fraudulently deprive him of his legal, just, and equitable claim against the property.”
The judge of the district court did not consider the badges of simulation sufficient to justify the annulling of the sales ; but he was of opinion that the right to a valid title after the expiration of the period for redemption was personal to the original purchaser, and that his assignee did not enjoy the same right. He accordingly gave judgment in favor of Maumus, against Beynet, for the amount of the, note and *465 interest; and ordered that plaintiff’s mortgage be recognized, and that the property be seized and sold in satisfaction of the judgment. Du-four alone appealed.
There is no testimony to impeach in any way the title of the State, acquired twelfth July, 1876 : nor the sale by the tax collector to Mrs. Otto : nor the sale by Mrs. Otto to Mandin : nor the deed by the Audit- or to Mandin ; nor the sale by Mandin to Dufour.
Mandin testifies that he used his own money in making the purchase : that his intention was to make his father-in-law Beynet a present of the property, if he ever was able to do so : that he intended that the debt to Maumus should be paid : that he was well off when he.made the purchase: that his business afterward became bad ; and that he was obliged to sell the property to Dufour in payment of a debt of $3100, which he owed for money borrowed some time before.
There were no relations between any of these parties and Mrs. Ottor so far as the proof goes. Beynet says he knew nothing of the sale, did not know, never heard of Mrs. Otto until he received a noto from her informing him of her purchase; and if he remained in possession that he must pay the rent.
It was proven that Dufour is a man of considerable means, owning several pieces of valuable real estate, and owing no debts ; and that he rented the property to Beynet at $35 a month. Mandin says he rented the property to Beynet before the sale to Dufo.ur ; but that he paid no regular rent.
Interest is credited on the note up to October, 1876 ; and again for six months from fifteenth October, 1876. Mandin made one, perhaps-both these payments ; but he says Beynet gave him the money.
On the sixteenth of October, 1876, Beynet insured the property in his name for $800; and at the expiration of the year the insurance was renewed, it does not appear by whose order.
There is no proof of fraud or collusion between aDy of these parties, except so far as it may be deduced, inferentially, from the facts stated. It can not be pretended that the title acquired by the State was either fraudulent or simulated : nor that there was fraud or simulation in the title acquired by Mrs. Otto. Nothing indicates fraud or collusion between Mrs. Otto and Mandin ; nor between the Auditor and Mandin: nor between Mandin and Dufour. Perhaps Mrs. Otto had discovered that Beynet owned but'half the property ; and that it was subject to the general mortgage in favor of the minor : and it was not unreasonable for her to prefer a present profit of $156 33 on an investment of $192 11, realized in less 'than sixty clays.
If the sale by Mrs. Otto to Mandin were void for any cause, this would not benefit Maumus. The only effect would be that the prop *466 erty would still belong to Mrs. Otto. The title of the State was superior to the mortgage in favor of Maumus; and neither Mrs. Otto nor her property acquired from the State was liable to Maumus for the debt due him by Beynet. If the sale by Mandin to Dufour was simulated or void for any cause, the only effect would be to leave the property and ownership in Mandin ; and no proof in this record charges him or his property with liability to Maumus for the debt due by Beynet.
No inference of fraud on the part of Beynet can be deduced from the fact that two years after the mortgage to Maumus the property was sold for taxes. The act of mortgage shows that on the fourteenth of September, 1874, the property was sold by the sheriff for taxes, and adjudicated to Sittig ; and that Beynet was able to mortgage it to Maumus only because on the fifteenth October, on the day the mortgage was given, Sittig, by act before the same notary, as is recited in the mortgage, transferred the property to Beynet.
Counsel for plaintiff maintains that the title conveyed to Mandin by Mrs. Otto was void because the period for redemption had not expired ; and that the Auditor’s deed to Mandin was void, because the vendee of the purchaser at a tax collector’s sale can not demand the Auditor’s confirmative deed. No argument is needed to show that the purchaser at any sale may validly sell such right as he has acquired ; and if the property in his hands is subject to redemption within a certain time, it passes to the vendee subject to the same right. The right of redemption existing at the time was set out and explained fully in the conveyance by Mrs. Otto to Mandin ; and as she would have been entitled to demand the confirmative deed of the Auditor, at the expiration of six months after the recording of the title of the tax collector to her, her vendee acquired precisely the same right from her.
At the time the insurance was effected by Beynet, the period of redemption had more than three months to run; and he had then an insurable interest. If he caused the insurance to be renewed, he did a very idle thing, since he could not have recovered for a loss occurring after he no longer had any interest in the property. The renewal in his name was a mere nullity. Of course Beynet could have done nothing by which the title of Dufour would have been affected or impaired.
A sale may be attacked as simulated by the creditors of the-seller; but a creditor of a former owner can not attack for simulation, a title acquired at a public sale, under legal process, by which the right and title of the former owner have been divested and have vested in another. If the State in this case acquired a good title, of which there is no doubt or question, Mrs. Otto acquired a good title against the creditors of Beynet: Mandin acquired a good title; Dufour acquired a good title.
*467 If Mandin after his purchase from Mrs. Otto chose to allow his father-in-law to remain in possession, as Mrs. Otto had done, with or without the payment of rent, it is difficult to perceive how this could have prejudiced Maumus. Mandin was well off, his father-in-law was very poor. If Dufour, after his purchase chose to let the property to Beynet at $35 a month, this could not have injured Maumus. Beynet sub-let part of the house; and thus reduced his rent; and it was a good return to Dufour — more than thirteen per cent on his investment.
The judgment of the district court in so far as it recognizes the plaintiff’s right of mortgage, and orders the property in question to be seized and sold in satisfaction of the judgment in favor of Joseph Man-mus against A. Y. Beynet, is annulled, avoided, and reversed ; and it is now ordered, adjudged, and decreed, that the suit and demand of plaintiff, in so far as they relate to Jean Marie M. Dufour and the property in question, be rejected and dismissed at-plaintiff’s cos's ; that the said Jean Marie M. Dufour be recognized and declared to be the owner of the said property, and be quieted in his title and possession of the same; and that plaintiff pay the costs of this appeal.